[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8817.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8817

ORANGE CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.*

CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES; HAYES &

MATCH, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8817.]**

*Taxation—Real-property valuation—Board of Tax Appeals erred in concluding that property value included two additional amounts paid in connection with subject property's sale that were associated with accumulated rent obligations—Decision reversed.*

(No. 2015-0713—Submitted September 26, 2017—Decided December 6, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-206.

_____

**Per Curiam.**

{¶ 1} In this real-property-tax-valuation case involving the sale of a carwash, the property owner, appellant, Hayes & Match, L.L.C., appeals a decision

of the Board of Tax Appeals ("BTA") adopting $951,776 as the value of the subject property for tax year 2012. That amount was the full amount paid by Hayes & Match in connection with exercising its option to purchase the property from its lessor in February 2012, and as shown by the fiscal officer's stamp on the deed that is in the record, it was the amount originally reported to the county as the consideration paid to acquire title to the property. The Cuyahoga County Board of Revision ("BOR") adopted $900,000 as the property value because that was the base purchase price stipulated in Hayes & Match's purchase option. The BTA disagreed, holding that the "sale price"—and therefore the property value—included two additional amounts that had been paid in connection with the sale that were associated with accumulated rent obligations. Because we agree with the BOR's determination that the "sale price" for purposes of determining the property's tax value was $900,000, we reverse the BTA's decision and reinstate the value determined by the BOR.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} 2012 was a reappraisal year in Cuyahoga County, and the fiscal officer assigned a value of $899,500 to the property at issue. Appellee Orange City School District Board of Education ("the BOE") filed a complaint seeking an increase to $951,780, based on the reported sale price of $951,776. The testimony and documentation presented to the BOR by Hayes & Match established that the property was purchased pursuant to a ten-year lease that contained a purchase option under which the base amount was $900,000 and Hayes & Match retained a right of first refusal that would allow it to purchase the property for either $800,000 (during the first eight years of the lease term) or $900,000 (during the last two).

{¶ 3} After Hayes & Match had difficulty paying the stated rent amount of $6,000 per month during the recession, the landlord granted concessions through a lease amendment dated March 31, 2009. The amendment permitted Hayes &

Match to pay a reduced $4,000 per month during the carwash's slow season and the full $6,000 per month during its busy season.[1]

{¶ 4} Under the lease amendment, the landlord was to be reimbursed for the rent concessions at the end of the lease term *either* through an elevated final-month rent payment *or* in conjunction with the exercise of the purchase option or the right of first refusal. Ultimately, Hayes & Match purchased the property in February 2012 under the clause of the amended lease providing for a $900,000 base price plus a "net rent differential" plus a fixed amount of back rent. As emphasized in the testimony and clearly indicated in the lease amendment, Hayes & Match owed back rent whether or not it purchased the property.

{¶ 5} As just indicated, the lease amendment computed back rent in two increments: a lump sum "past due rent" figure of $9,776 plus a "net rent differential" designed to permit the landlord to recover the $2,000-per-month rent concession that had been granted on a prospective basis from April 2009 forward. If Hayes & Match had continued to rent the property until the amended expiration date of April 30, 2012, and had not purchased the property, the final rent payment for the final month would have been $63,776, consisting of that month's rent ($6,000) plus the landlord's recovery of back rent (a $48,000 differential for 2009, 2010, and 2011, plus a fixed amount of $9,776). Instead, Hayes & Match exercised its right to purchase the property under the amended-lease provision that provided for a $900,000 base price, plus the fixed amount of past-due rent, $9,776, plus the net rent differential, which reflected recovery of $2,000 monthly reductions for (1) five months of 2009 ($10,000)[2] and (2) eight months each of 2010 and 2011

---

[1] The concessions consisted of a $2,000-per-month reduction during the eight-month period of April through November for 2009, 2010, and 2011 (from $6,000 to $4,000 per month). By the time of the purchase, Hayes & Match had paid the reduced rent amount 24 times, for a total reduction in rent payments of $48,000.

[2] The purchase provision computed the net rent differential based on five reduced-rent months during 2009 rather than the full eight reduced-rent months that year.

($32,000 for the two years). Adding these amounts together resulted in the total payment under the amended lease: $951,776, of which $51,776 was associated with back-rent obligations.

{¶ 6} As indicated, the BOR adopted the base price of $900,000 as the property value, but the BTA disagreed. The BTA focused on the fact that "[t]he plain language of the lease indicates that the purchase price consisted of three elements: the previously established base price [i.e., $900,000], the net rent differential, and the past due rent." BTA No. 2014-206, 2015 Ohio Tax LEXIS 1893, *9 (Apr. 2, 2015). The BTA reached its conclusion that the entire $951,776 constitutes the property value because the contract's express terms treated that amount as the "purchase price." Citing a decision of the court of appeals, the BTA regarded the issue as involving a question of construing the contract, and in such cases, the language of the written contract is controlling.

{¶ 7} Hayes & Match has appealed, and we now reverse.

### ANALYSIS

### Standard of review

{¶ 8} The BTA has broad discretion in evaluating the evidence pertaining to the value of real property, and this court will defer to the BTA's factual determinations. *See EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9, 14. Here, however, the BTA's decision was *not* based on its determining the facts against Hayes & Match's position but, rather, on the legal theory that under contract law, the inclusion in the "purchase price" of the "past due rent" and the "net rent differential" dictated that those amounts constituted part of the "sale price" for purposes of determining the value of the property. 2015 Ohio Tax LEXIS 1893 at *10-12. This raises an issue of law involving the proper construction of what constitutes the "sale price" under the case law and under R.C. 5713.03. *See Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004,

4

¶ 9-11.  Because this appeal presents a legal issue, we review the BTA's decision de novo.  *MacDonald v. Cleveland Income Tax Bd. of Rev.*, __ Ohio St.3d __, 2017-Ohio-7798, __ N.E.3d __, ¶ 12.

### The "sale price" for tax-valuation purposes is the amount paid for property-title transfer—not amounts paid for other assets

{¶ 9} Hayes & Match's first proposition of law asserts that the sale price for purposes of the valuation of its property under R.C. 5713.03 is $900,000, not $951,776, because the latter figure includes amounts that are not actually consideration for the transfer of title.  The proposition refers to these amounts as "non-realty items," even though back rent is in its own way connected to the realty.

{¶ 10} Two undisputed facts undergird Hayes & Match's position: the fact that the two additional amounts—the past-due rent and the net rent differential—do in fact relate to accrued rent and the fact that the additional amounts would have been due as part of the final rent payment had the purchase option not been exercised.  These facts clearly link the two additional amounts to rent.

{¶ 11} The BOE argues that because the sale was undisputedly recent and at arm's length, the full $951,766 payment upon which the contract predicated the transfer of title constituted the sale price and property value.  Under this view, "[h]ow the parties arrived at their agreed price for the property is not material; what is material is that the purchase price for the property was $951,776 as correctly determined by the BTA."  It is true that that the parties (1) as a formal matter, built the payment of back rent into the stated purchase price and (2) reported the full $951,776 as the consideration for purchase.[3]  And the BTA agreed with the BOE's position, concluding that because the "past due rent" and "net rent differential"

---

[3] Although Hayes & Match asserted before the BOR that it would file a new conveyance-fee statement allocating $51,776 to personal property, the new conveyance-fee statement was not part of the transcript certified by the BOR to the BTA.  Nor did Hayes & Match submit it as evidence before the BTA.  When Hayes & Match attached the document to its brief before this court, we granted the BOE's motion to strike it.  144 Ohio St.3d 1438, 2015-Ohio-5468, 43 N.E.3d 450.

amounts were formally included in the "purchase price" and because that inclusion constituted a contract term, the written term could not be varied by parol evidence. Under the BTA's contract-law approach, the written contract's characterization of the two additional amounts as being included in the "purchase price" thereby became controlling for tax-valuation purposes.

{¶ 12} Contrary to the BTA's approach, however, the case law establishes that an owner's allocation of purchase price to assets other than the real estate can be relied upon by the taxpayer to obtain a reduced value, provided that the record contains corroborating evidence in support of the contractual allocation. *See St. Bernard Self Storage, L.L.C. v. Hamilton Cty. Bd. of Revision*, 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, ¶ 17, 19; *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 128 Ohio St.3d 565, 2011-Ohio-2258, 949 N.E.2d 1, ¶ 18; *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 18. Ultimately, the BTA's contract-law approach is mistaken because the question whether a given payment constitutes the "sale price" for purposes of tax valuation does not turn primarily on the contractual intent of the parties.

{¶ 13} Ohio law regards a recent, arm's-length sale price as " 'the best evidence of the "true value in money" of real property.' " *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 9, quoting *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus. This principle is codified at R.C. 5713.03 and has remained constant through various amendments to that statute. *Id*. at ¶ 10-12, 31-34. There is no dispute in the present appeal that the sale price should be regarded as establishing the property value; the dispute lies in what amount constitutes the "sale price" in the relevant sense.

{¶ 14} For purposes of tax valuation, "sale price" consists of those payments made by the purchaser to the seller that equate to the amount that a

6

typically motivated purchaser would pay to a typically motivated seller as consideration for transfer of the title of the property. *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 12, 2017-Ohio-2734, __ N.E.3d __, ¶ 14; *Emerson v. Erie Cty. Bd. of Revision*, 149 Ohio St.3d 148, 2017-Ohio-865, 73 N.E.3d 496, ¶ 10. Under the case law addressing the allocation of sale price among assets, the corroboration of Hayes & Match's allocation of $900,000 to the real-estate purchase and $51,776 to back rent is compelling. And the record contains both intrinsic evidence on the face of the amended lease itself and extrinsic testimonial evidence,[4] which together clearly discharge Hayes & Match's burden to show that the amount it originally reported to the county as the consideration paid for the property exceeds the true value of the property. *Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, __ Ohio St.3d __, 2017-Ohio-7664, __ N.E.3d __, ¶ 22.

{¶ 15} To be sure, this case differs from other price-allocation cases because it is a little bit more difficult to identify the nonrealty "asset" being purchased in this case. There is, however, no question but that the additional $51,776 was paid for a different reason than the $900,000: the additional $51,776 pertains to rent concessions and would have to have been paid whether or not Hayes & Match had purchased the property. To the extent that it is necessary to conceive of the additional $51,776 as consideration for an asset, the back-rent elements of the purchase price constitute a settlement and discharge between the lessor and lessee that became necessary because of, and were consummated in conjunction with, the exercise of the purchase option. In essence, Hayes & Match *as a real-*

---

[4] The BTA cited a decision of the court of appeals relying on the " 'parol evidence rule' " to exclude consideration of oral testimony that would have " 'alter[ed] the terms of the written document.' " 2015 Ohio Tax LEXIS 1893 at *11, quoting *Trader v. People Working Cooperatively, Inc.*, 104 Ohio App.3d 690, 694, 663 N.E.2d 335 (1st Dist.1994). Here, the testimony does not alter but, rather, explains the terms of the contract. Moreover, oral testimony is relevant to the issue of the proper allocation of the sale price, which, as noted, is not primarily a question of contractual intent.

*estate purchaser* was buying a release from its accrued obligations *as a lessee*—it acquired something almost in the nature of an intangible asset.

**{¶ 16}** Our conclusion in this appeal is consistent with our recent decision in *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, __ Ohio St.3d __, 2017-Ohio-7578, __ N.E.3d __, in which we held that the sale price from a sale/leaseback transaction does not furnish a conclusive criterion of the property's value, *id.* at ¶ 19. In that case, we noted the "reciprocal relationship between [the lease and sale] elements of the overall transaction" and held that the "reciprocal interaction is in itself atypical of the kind of seller-to-buyer transaction that is understood to fix market value for tax purposes." *Id*. at ¶ 20. Similarly, the present appeal presents an element of the sale price that relates to the market-atypical fact that the purchaser is the former lessee that owed back rent.

## CONCLUSION

**{¶ 17}** We conclude that the BTA erred by adopting the entire amount of $951,776 as the property value. We therefore reverse the BTA's decision and reinstate the BOR's valuation of $900,000. Because we resolve the appeal in Hayes & Match's favor on its first proposition of law, we do not reach its other propositions of law.

Decision reversed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Kadish, Hinkle, & Weibel, Kevin M. Hinkle, and John P. Desimone, for appellee Orange City School District Board of Education.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Saundra Curtis-Patrick, Assistant Prosecuting Attorney, for appellees Cuyahoga County Fiscal Officer and Cuyahoga County Board of Revision.

Siegel Jennings Co., L.P.A., J. Kieran Jennings, Jason Lindholm, and Cecilia Hyun, for appellant.

_____