[Cite as *Amherst Marketplace Station, L.L.C. v. Lorain Cty. Bd. of Revision*, 2021-Ohio-3866.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

AMHERST MARKETPLACE STATION, LLC

    Appellant

    v.

LORAIN COUNTY BOARD OF REVISION, et al.

    Appellees

C.A. No.    20CA011623

APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
CASE No.    2018-930

DECISION AND JOURNAL ENTRY

Dated: November 1, 2021

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Amherst Marketplace Station, LLC ("Amherst Marketplace") appeals an order of the Board of Tax Appeals. This Court affirms.

I.

{¶2}    Amherst Marketplace is the owner of a commercial property in Lorain County that is occupied by a Giant Eagle grocery store with two much smaller spaces leased by other businesses. Amherst Marketplace filed a complaint with the Lorain County Board of Revision requesting a reduction in the taxable value of the property as of January 1, 2017, alleging that the Auditor's valuation of the property exceeded the fair market value. The Amherst Exempted Village School District Board of Education ("the Board of Education") filed a countercomplaint requesting an increase in the taxable value, arguing that a recent sale in an arms-length transaction best reflected the fair market value of the property.

{¶3} During the hearing on the matter, Amherst Marketplace submitted an appraisal ("the Racek appraisal") that valued the property at $4,730,000 as of January 1, 2015. The appraiser acknowledged that the property was purchased in 2015 for $11,655,000 but appraised the property as if it was not subject to the existing Giant Eagle lease. An appraisal submitted by the Auditor ("the Sprout appraisal"), in contrast, took the existing lease with Giant Eagle into consideration and valued the property at $11,300,000. The Board of Education introduced documentation establishing the recent sale price. The Board of Revision concluded that the recent sales price of $11,655,000 reflected the fair market value and adjusted the valuation accordingly. Amherst Marketplace appealed to the Board of Tax Appeals ("BTA"), arguing that R.C. 5713.03 required valuation of the property as if it were unencumbered by a lease. The Board of Education argued that under R.C. 5713.03, a recent sale remained the best evidence of fair market value even when the property was encumbered by a lease at the time of sale and maintained that Amherst Marketplace had not rebutted that presumption.

{¶4} The BTA upheld the determination of value by the Board of Revision, noting the maxim that the best evidence of a property's true value is a recent sale in an arm's-length transaction. Observing that the party opposing the sale as best evidence bears the burden of rebutting that evidence, the BTA concluded that Amherst Marketplace had articulated legal arguments regarding the sale of leased properties but had not offered evidence to rebut the presumption. The BTA also concluded that the Racek appraisal "[did] not discredit the sale of the subject property or provide reliable evidence of value in its own right." Consequently, the BTA valued the property at $11,655,000.

{¶5} Amherst Marketplace appealed to this Court pursuant to R.C. 5717.04. Because many of the seventeen assignments of error that Amherst Marketplace has raised address the

same question of law, the assignments of error are rearranged and combined for purposes of disposition.

## II.

### Standard of Review

{¶6} Because determining the fair market value of property for tax purposes is a question of fact that lies "primarily within the province of the taxing authorities," a decision of the BTA should not be disturbed on appeal "unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Bd. of Revision of Cuyahoga Cty. v. Fodor*, 15 Ohio St.2d 52, syllabus (1968). *See also* R.C. 5717.04; *Akron Ctr. Plaza, Ltd. Liab. Co. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, ¶ 9. "The standard for conducting that review ranges from abuse of discretion, which applies when [reviewing courts] are asked to reverse the BTA's determination regarding credibility of witnesses, to de novo review of legal issues." *Grace Cathedral, Inc. v. Testa*, 143 Ohio St.3d 212, 2015-Ohio-2067, ¶ 16. Reviewing courts should "not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Bd. of Edn. of Gahanna-Jefferson Loc. School Dist. v. Zaino*, 93 Ohio St.3d 231, 232 (2001). The arguments raised in Amherst Marketplace's assignments of error present legal issues, so this Court's review is de novo. *See O'Keeffe v. McClain*, Slip Opinion No. 2021-Ohio-2186, ¶ 12, citing *Progressive Plastics, Inc. v. Testa*, 133 Ohio St.3d 490, 2012-Ohio-4759, ¶ 15.

### ASSIGNMENT OF ERROR NO. 4

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW WHEN IT REJECTED THE ARGUMENT THAT PROPERTY MUST BE VALUED AS UNLEASED. THE OHIO SUPREME COURT HELD THAT R.C. 5713.03 DEMANDS VALUATION "FREE OF ENCUMBRANCES SUCH AS LEASES." *LOWE'S HOME CENTERS, INC. V. WASHINGTON COUNTY BD. OF REVISION*, 116 N.E.3D 79, 154 OHIO ST.3D 463, 2018-OHIO-1974.

**ASSIGNMENT OF ERROR NO. 7**

THE BOARD OF TAX APPEALS ERRED BY DEVIATING FROM THE PLAIN MEANING OF A CLEAR AND UNAMBIGUOUS STATUTE. *BOLEY V. GOODYEAR TIRE & RUBBER CO.*, 125 OHIO ST.3D 510, 2010-OHIO-2550, 929 N.E.2D 448.

**ASSIGNMENT OF ERROR NO. 10**

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW WHEN IT FOUND SUPPORT FOR THE LEASE-ENCUMBERED SALE PRICE AS EVIDENCE OF VALUE BECAUSE "PROPERTIES OCCUPIED BY REGIONAL TENANTS (SUCH AS GIANT EAGLE) FREELY SELL WITHIN THE MARKETPLACE" WHEN ITS DUTY IS TO FIND THE UNENCUMBERED MARKET VALUE OF THE SUBJECT PROPERTY.

**ASSIGNMENT OF ERROR NO. 12**

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW WHEN IT REJECTED APPELLANT'S ARGUMENT THAT R.C. 5713.03 REQUIRES VALUATION "AS IF AVAILABLE TO BE LEASED" RATHER THAN "AS IF IT WERE LEASED AS OF JANUARY 1, 2017," AND IN ITS MISSTATEMENT OF THE OHIO SUPREME COURT'S DECISION IN *HARRAH'S OHIO ACQUISITION CO., LLC V. CUYAHOGA CTY. BD. OF REVISION*, 154 OHIO ST.3D 340, 2018-OHIO-4370 TO SUPPORT THIS REJECTION.

**ASSIGNMENT OF ERROR NO. 13**

THE BOARD OF TAX APPEALS' STATEMENT THAT "AN APPRAISER MAY APPRAISE THE UNENCUMBERED ESTATE AS IF IT WERE LEASED" IS A PLAIN ERROR OF LAW GIVEN THE OHIO SUPREME COURT'S HOLDINGS IN *LOWE'S HOME CENTERS, INC. V. WASHINGTON COUNTY BD. OF REVISION*, 116 N.E.3D 79, 154 OHIO ST.3D 463, 2018-OHIO-1974 AND *HARRAH'S OHIO ACQUISITION CO., LLC V. CUYAHOGA CTY. BD. OF REVISION*, 154 OHIO ST.3D 340, 2018-OHIO-4370.

{¶7}    Amherst Marketplace's fourth, seventh, tenth, twelfth, and thirteenth assignments of error argue that the BTA's decision conflicts with the plain language of R.C. 5713.03 and previous decisions of the Supreme Court of Ohio.  This Court does not agree.

{¶8}    The "true value" of property is "the amount for which that property would sell on the open market by a willing seller to a willing buyer." *State ex rel. The Park Invest. Co. v. Bd.*

*of Tax Appeals*, 175 Ohio St. 410, 412 (1964). R.C. 5713.03 provides that the valuation of property by county auditors must reflect "the true value of the fee simple estate, as if unencumbered * * *." This language contains a "significant change[]" to the language of R.C. 5713.03 as a result of 2012 Am.Sub.H.B. No. 487, effective September 10, 2012, because previous versions of the statute omitted any reference to the unencumbered state of property. *See Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, ¶ 15. *See also* former R.C. 5713.03 ("The county auditor * * * shall determine, as nearly as practicable, the true value of each separate * * * parcel of real property[.]").

{¶9} H.B. 487 also changed the manner in which recent arm's-length sales are considered in the valuation of property. Before the effective date of H.B. 487, former R.C. 5713.03 provided that county auditors "shall consider the sale price" of property in a recent arm's-length transaction "to be the true value for taxation purposes." In H.B. 487, the legislature "replaced *shall* with *may*." (Emphasis in original.) *Terraza 8* at ¶ 15.

{¶10} The Supreme Court of Ohio has addressed the import of the second change to R.C. 5713.03 in several recent decisions. As a consequence of H.B. 487, a recent sale in an arm's-length transaction "is not conclusive evidence of the true value of property[,]" but is rebuttably presumed to be the true value and represents the best evidence of true value. *Terraza 8* at ¶ 30, 32-33. *See also Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 325, 2017-Ohio-8817, ¶ 13; *Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, 152 Ohio St.3d 86, 2017-Ohio-7664, ¶ 15. The use of a recent arm's-length sale price is still the favored means of determining value for purposes of taxation. *Terraza 8* at ¶ 33. Two rebuttable presumptions attach to evidence of a recent arm's-length sale. "[The] 'best evidence' principle [is] a rebuttable presumption that the sale price constitutes the value of the

property." *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 159 Ohio St.3d 283, 2020-Ohio-353, ¶ 29. The Supreme Court has also "recognized a companion presumption that 'a submitted sale price "has met all the requirements that characterize true value," subject to rebuttal by proof that the sale was not at arm's length or not recent.'" *Id*. at 29, quoting *Terraza 8* at ¶ 32, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 328 (1997).

{¶11} The Supreme Court of Ohio recently addressed the intersection of the H.B. 487 amendments to R.C. 5713.03 in *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, Slip Opinion No. 2021-Ohio-2798. In that case, the owners of the subject property maintained that the appraisal upon which the court of common pleas relied in an appeal from the board of revision[1] was not competent evidence of the property's true value because, by failing to value the property as if vacant and available for sale, it conflicted with the express terms of R.C. 5713.03 as amended by H.B. 487. *Rancho Cincinnati Rivers* at ¶ 7-8, 14. The property owner maintained that "R.C. 5713.03 requires the tax assessor to assume 'an unencumbered transfer, wherein the hypothetical seller of the property vacates at closing and the buyer could take immediate possession and occupancy.'" *Id*. at ¶ 14. In other words, the owner advocated for a "vacant-at-transfer rule" with respect to the valuation of leased properties. *See id*. The owner relied upon an appraisal that, with respect to the sales-comparison analysis, "adjusted downward the sales price of any comparable property that was subject to a lease because 'a premium was

---

[1] As an alternative to appealing a decision from a board of revision to the BTA, R.C. 5717.05 permits an appeal to the court of common pleas.

considered to have been paid for the property rights conveyed.'" [2] *Id*. at ¶ 16. In contrast, the competing appraisal determined that because the lease and rent terms of comparable properties "'were considered to be at market given the location, physical characteristics, and market conditions[,]'" the sale prices did not require adjustment. *Id*. The question before the Supreme Court required the Court to determine which appraisal approach was "proper * * * for purposes of future applications of R.C. 5713.03." *Id*. at ¶ 17.

{¶12} The Supreme Court rejected the owner's argument that the express terms of R.C. 5713.03 required a vacant-at-transfer approach. *Id*. at ¶ 20. Noting that the plain meaning of a statute is determined with reference to both lexical definitions and "the meaning that the words have acquired when they are used in case law[,]" the Court reviewed the history of the phrase "as if unencumbered" in its decisions. *Id*. at ¶ 21-28. The Court concluded:

> In light of the syllabus in [*Alliance Towers, LTD. v. Stark Cty. Bd. of Revision*, 37 Ohio St.3d 16 (1988)], and the other cases preceding the enactment of H.B. 487, the phrase "fee simple estate, as if unencumbered" had an acquired meaning when the General Assembly inserted that phrase into R.C. 5713.03. By using that phrase, the legislature codified its agreement with the requirement that property should be valued using market rent rather than the actual rent from an existing lease encumbering the property at the time of a sale and transfer.

*Id*. at ¶ 28. The Supreme Court concluded that its cases "establishe[d] a 'market-lease rule'" in which "the leased-fee sale price" is the best evidence of value and establishes a rebuttable presumption of value. *Id*. at ¶ 32. "This first aspect of the market-lease rule strongly mitigates against [the owner's] vacant-at-transfer rule: if property must be valued as if vacant at transfer, then it makes no sense to presume that a leased-fee sale price constitutes the property's value." *Id*.

---

[2] Amherst retained the same appraiser in this matter, and the appraisal in this matter used the same methodology.

{¶13} The Court also explained a second aspect of the market-lease rule: property may be valued with consideration for income generated by a hypothetical lease, provided that the lease reflects current *market* rates. *Id.* at ¶ 33. As a consequence, the Court concluded that "R.C. 5713.03 does not as a matter of law require adjustments to leased-fee sales used as sales comparables; instead, adjustments should be made based on the appraiser's expert analysis of the market for the property." *Id.* at ¶ 37.

{¶14} As a practical matter, then, the Supreme Court rejected the owner's position that the terms of R.C. 5713.03 forbid consideration of a leased-fee sale price and, conversely, reiterated that evidence demonstrating a recent leased-fee sale constitutes the best evidence of value and the presumptive value of property, subject to rebuttal. In so doing, the Court stated unequivocally that neither R.C. 5713.03 nor the Court's own precedent requires property to be valued using a vacant-at-transfer methodology. *Rancho Cincinnati Rivers* at ¶ 32, 40-42. With respect to appraisal methodology, the Supreme Court concluded that R.C. 5713.03 neither requires nor forbids adjustments to value with respect to property rights in leased comparables. *Id.* at ¶ 35.

{¶15} Amherst Marketplace's fourth, seventh, tenth, twelfth, and thirteenth assignments of error argue that the plain language of R.C. 5713.03 required the BTA to value the property using a vacant-at-transfer methodology. The Supreme Court of Ohio has rejected this position, and this Court overrules the fourth, seventh, tenth, twelfth, and thirteenth assignments of error on this basis.

### ASSIGNMENT OF ERROR NO. 1

THE BOARD OF TAX APPEALS ERRED BY ADOPTING THE RECENT SALE PRICE OF A LEASE[]-ENCUMBERED PROPERTY AS THE VALUE FOR TAX PURPOSES WHEN THE RECORD CONTAINED COMPETENT AND PROBATIVE APPRAISAL EVIDENCE OF THE SUBJECT

PROPERTY'S UNENCUMBERED VALUE. *TERRAZA 8, L.L.C. V. FRANKLIN COUNTY BOARD OF REVISION*, 83 N.E.3D 916, 150 OHIO ST.3D 527, 2017-OHIO-4415.

### ASSIGNMENT OF ERROR NO. 2

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE RECENT LEASE-ENCUMBERED SALE PRICE REMAINED THE "BEST EVIDENCE" OF VALUE DESPITE BEING AFFIRMATIVELY REBUTTED BY UNENCUMBERED APPRAISAL EVIDENCE. *TERRAZA 8, L.L.C. V. FRANKLIN COUNTY BOARD OF REVISION*, 83 N.E.3D 916, 150 OHIO ST.3D 527, 2017-OHIO-4415.

### ASSIGNMENT OF ERROR NO. 3

THE BOARD OF TAX APPEALS ERRED WHEN IT FOUND THAT A SALE IS THE BEST EVIDENCE OF VALUE WHEN ITS LEASES ARE "CONSISTENT WITH THE MARKET" RATHER THAN WHEN THE SALE REFLECTS FEE SIMPLE, AS IF UNENCUMBERED VALUE. R.C. 5713.03.

{¶16} Amherst Marketplace's first assignment of error is that the BTA erred by adopting the recent leased-fee sales price as the property value and rejecting the vacant-at-transfer valuation advocated by the Racek appraisal. Amherst Marketplace's second and third assignments of error argue that the BTA erred by concluding that the recent leased-fee sale was the best evidence of value.

{¶17} In *Rancho Cincinnati Rivers*, the Supreme Court of Ohio concluded that the phrase "as if unencumbered," as used in R.C. 5713.03, has an acquired meaning that encompasses the Court's previous decisions. *Id.*, Slip Opinion No. 2021-Ohio-2798, at ¶ 21-28. As such, the Court concluded, a vacant-at-transfer valuation is not required, and a recent prior leased-fee sale is rebuttably presumed to be the best evidence of true value. *Id.* at ¶ 32, 36. Amherst Marketplace's first, second, and third assignments of error are overruled on this basis.

### ASSIGNMENT OF ERROR NO. 5

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW BY ACCEPTING A HIGHEST AND BEST USE "AS A PROPERTY OCCUPIED AND OPERATED BY A REGIONAL OR NATIONAL TENANT."

**ASSIGNMENT OF ERROR NO. 6**

THE BOARD OF TAX APPEALS ERRED BY REJECTING "SECOND GENERATION" LEASE COMPARABLES IN FAVOR OF "FIRST GENERATION" COMPARABLES WHEN IT IS LEGALLY IMPOSSIBLE FOR A PROPERTY TO BE "FIRST GENERATION" AND "UNENCUMBERED."

**ASSIGNMENT OF ERROR NO. 9**

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW BY INQUIRING AS TO WHETHER APPELLANT SHOWED THAT THE LEASES IN PLACE AT THE TIME OF SALE WERE "AT MARKET." THE OHIO SUPREME COURT HELD THAT THERE IS NO REQUIREMENT TO PROVE THAT THE LEASES IN PLACE AT THE TIME OF SALE WERE "AT MARKET." *TERRAZA 8, L.L.C. V. FRANKLIN COUNTY BOARD OF REVISION*, 83 N.E.3D 916, 150 OHIO ST.3D 527, 2017-OHIO-4415.

**ASSIGNMENT OF ERROR NO. 11**

THE BOARD OF TAX APPEALS' STATEMENT THAT "AN APPRAISER MAY APPRAISE THE UNENCUMBERED ESTATE AS IF IT WERE LEASED" EXPOSES A PROFOUND AND FUNDAMENTAL LACK OF UNDERSTANDING OF THE BOARD OR [ITS] OBVIOUS INTENT [TO] NULLIFY A DULY ENACTED STATUTE. IT IS ALSO PLAIN ERROR OF LAW GIVEN THE OHIO SUPREME COURT'S HOLDINGS IN *LOWE'S HOME CENTERS, INC. V. WASHINGTON COUNTY BD. OF REVISION*, 116 N.E.3D 79, 154 OHIO ST.3D 463, 2018-OHIO-1974 AND *HARRAH'S OHIO ACQUISITION CO., LLC V. CUYAHOGA CTY. BD. OF REVISION*, 154 OHIO ST.3D 340, 2018-OHIO-4370.

{¶18} In its fifth assignment of error, Amherst Marketplace argues that the BTA erred by accepting the highest and best use advocated by the Sprout appraisal because it was incompatible with a hypothetical vacant-at-transfer sale. The sixth assignment of error argues that the BTA erred by failing to reject the Sprout appraisal's valuation based on its reliance on the sale of properties with first generation leases. Similarly, the ninth assignment of error argues that "[a] valuation of the Subject Property as leased at market terms is unlawful[,]" and the eleventh assignment of error argues that a competent appraisal must "account for the presence of

* * * leases in * * * sales comparables and adjust them to reflect the rental market for existing space[.]"

{¶19}   As noted above, the Supreme Court of Ohio has rejected Amherst Marketplace's argument that a hypothetical vacant-at-transfer sale methodology is required for determining the true value of property. *Rancho Cincinnati Rivers* at ¶ 32, 36.  In that case, the Supreme Court considered the argument that an appraisal that relied upon comparable properties subject to first-generation leases without downward adjustment in the sales prices to account for lease terms was not competent evidence of value. *Id*. at ¶ 16.  Addressing a situation in which there was no recent arm's-length sale to establish the presumptive value of a property, the Court concluded that "an appraisal that takes into account a lease with terms that are typical for the market may be considered and adopted." *Id*. at ¶ 33.

{¶20}   Because the Court declined to adopt a vacant-at-transfer rule and concluded that an appraisal methodology that relies on market-lease terms is competent evidence of value, it follows that the language of R.C. 5713.03 did not require the BTA to reject the highest and best use advocated by the Sprout appraisal in this case.  Similarly, an appraiser is not required to assume that a property is vacant at the time of sale or to make property-rights adjustments for existing leases.  *See id.* at ¶ 35.  Amherst Marketplace's fifth, sixth, ninth, and eleventh assignments of error are overruled.[3]

### ASSIGNMENT OF ERROR NO. 8

---

[3] Following the Supreme Court's decision in *Rancho Cincinnati Rivers*, this Court ordered the parties to brief the impact of that decision on this case.  In response, Amherst Marketplace argued, for the first time, that the BTA also erred by relying on the Sprout appraisal because that appraisal was not based on market rent as of the tax lien date at issue.  Amherst Marketplace's assignments of error, however, are based solely on the proposition that R.C. 5713.03 requires a vacant-at-transfer analysis. *See generally* App.R. 16(A)(7); Loc.R. 7(B)(7).

THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW BY FAILING TO FIND A FEE SIMPLE, AS IF UNENCUMBERED, VALUE BASED ON THE SOLE UNENCUMBERED EVIDENCE IN THE RECORD, THE RACEK APPRAISAL.

### ASSIGNMENT OF ERROR NO. 14

THE BOARD OF TAX APPEALS ERRED BY FAILING TO INDEPENDENTLY DETERMINE THE UNENCUMBERED VALUE OF THE SUBJECT PROPERTY USING THE UNENCUMBERED DATA IN THE RECORD.

{¶21} Amherst Marketplace's eighth assignment of error argues that the BTA erred by failing to find that the presumptive value established by the recent arm's-length sale was rebutted by the Racek appraisal. Specifically, Amherst Marketplace maintains that evidence consisting of an appraisal that relies upon the vacant-at-transfer rule rebuts evidence of a prior, arm's-length, leased-fee sale as a matter of law. In its fourteenth assignment of error, Amherst Marketplace maintains that the BTA erred as a matter of law by rejecting the Racek appraisal because it was "the only evidence of unencumbered value in the record[.]"

{¶22} In *Rancho Cincinnati Rivers*, the Supreme Court of Ohio reiterated that a recent arm's-length sale constitutes the best evidence of value and establishes the presumptive value of the subject property. *Id.* at ¶ 32. The Court also concluded that R.C. 5713.03 neither requires nor forbids the appraisal methodology now advocated by Amherst Marketplace. *Id.* at ¶ 35. Instead, the Court wrote, "[t]he BTA or a common pleas court, as the fact-finders, must decide how much weight to accord competing appraisals." *Id*. Amherst Marketplace's eighth and fourteenth assignments of error are overruled because, under *Rancho Cincinnati Rivers*, an appraisal that relies on the vacant-at-transfer rule does not automatically rebut the presumption of value established by a recent arm's-length sale as a matter of law.

**ASSIGNMENT OF ERROR NO. 15**

THE BOARD OF TAX APPEALS['] DECISION VIOLATES THE SEPARATION OF POWERS IMPLIED BY THE OHIO CONSTITUTION AND THE UNITED STATES CONSTITUTION.

**ASSIGNMENT OF ERROR NO. 16**

THE BOARD OF TAX APPEALS' DECISION AND ORDER VIOLATES THE OHIO CONSTITUTION'S MANDATE OF UNIFORM ASSESSMENT. ARTICLE XII, SECTION 2.

**ASSIGNMENT OF ERROR NO. 17**

THE BOARD OF TAX APPEALS' DECISION AND ORDER VIOLATES THE EQUAL PROTECTION CLAUSES UNDER ARTICLE I, SECTION 2 OF THE OHIO STATE CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY APPLYING THE DEFINITION OF FEE SIMPLE, AS IF UNENCUMBERED, AND INTERPRETING §5713.03 OF THE OHIO REVISED CODE, IN A MANNER THAT DISCRIMINATES AGAINST CERTAIN TAXPAYERS.

{¶23} Amherst Marketplace's fifteenth, sixteenth, and seventeenth assignments of error raise constitutional challenges to the BTA's decision. Each rests on the premise that the BTA's decision is contrary to the clear language of R.C. 5713.03 which, according to Amherst Marketplace, mandates the vacant-at-transfer rule with respect to valuation. As noted above, however, in *Rancho Cincinnati Rivers*, the Supreme Court of Ohio concluded that that phrase "as if unencumbered" has an acquired meaning that encompasses the Court's previous decisions. *Id*. at ¶ 21-28. As such, the Court concluded, a vacant-at-transfer valuation is not required, and a recent prior leased-fee sale is rebuttably presumed to be the best evidence of true value. *Id*. at ¶ 32, 36. The BTA's decision in this case is consistent with R.C. 5713.03 and *Rancho Cincinnati Rivers*. Because Amherst Marketplace's constitutional arguments are premised on the conclusion that the BTA misinterpreted R.C. 5713.03, they are without merit.

{¶24} Amherst Marketplace's fifteenth, sixteenth, and seventeenth assignments of error are overruled.

III.

{¶25} Amherst Marketplace's assignments of error are overruled. The judgment of the Board of Tax Appeals is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

RYAN J. GIBBS, Attorney at Law, for Appellant.

CARA FINNEGAN, Attorney at Law, for Appellee.

DAVID A. YOST, Attorney General, for Appellee.

GARY T. STEDRONSKY, Attorney at Law, for Appellee.