[Cite as *Azar v. Summit Cty. Bd. of Revision*, 2024-Ohio-6086.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| FRED AZAR | C.A. No.      30891 |
|     Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY BOARD OF REVISION, et al. | OHIO BOARD OF TAX APPEALS COUNTY OF SUMMIT, OHIO CASE No.      2021-1319 |
|     Appellees | |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellant Fred Azar appeals an order of the Board of Tax Appeals ("BTA") that rejected the Board of Revision's valuation and reverted to the valuation of Appellee Summit County Fiscal Officer ("Fiscal Officer"). For the reasons discussed below, this Court affirms.

I.

**{¶2}** Seven adjacent parcels of vacant land owned by Mr. Azar were combined into one parcel in 2012 ("the Property"). The Fiscal Officer determined that $34,850 was the value of the Property, parcel 56-05657, for the 2013 tax year. The Property was later reassessed to $31,090 for the 2019 tax year.

**{¶3}** Thereafter, in a countywide reappraisal for the 2020 tax year, the Fiscal Officer assessed the Property's value at $296,470. Because the Property does not have street frontage, a buildable lot code was subsequently removed and the Property assessment was amended to $263,470 during the appeal process.

{¶4}   In response to the Fiscal Officer's 2020 tax year assessment, Mr. Azar filed a complaint against valuation of the Property with the Board of Revision ("BOR"). The BOR held an oral hearing on Mr. Azar's complaint. All parties agree that Mr. Azar argued that, in his opinion, the value of the Property is $40,000 and that he did not present any other testimony or evidence on his behalf.

{¶5}   Without explanation, the BOR determined that a decrease in the Property's valuation is warranted. The BOR reduced the Property's tax assessment to $113,360. Mr. Azar appealed the BOR's decision to the BTA.

{¶6}   The parties waived an oral hearing before the BTA and the matter was submitted on the briefs. It was undisputed that, because the BOR failed to provide any explanation as to its assessed value, the BTA could not adopt the BOR's determination. Noting that it has not "been offered [any] credible reason to disregard the results of the countywide reappraisal based on the market value for land in the area[,]" the BTA reversed the ruling of the BOR and reinstated the Fiscal Officer's $263,470 value.

{¶7}   Mr. Azar appeals the BTA's order, asserting four assignments of error challenging the BTA's decision to reverse the ruling of the BOR and reinstate the value assigned by the Fiscal Officer.

II.

**STANDARD OF REVIEW**

{¶8}   Former Revised Code Section 5713.03 provided that the county auditor shall determine the true value of every parcel. "[D]etermining the fair market value of property for tax purposes is a question of fact that lies 'primarily within the province of the taxing authorities[.]'" *Amherst Marketplace Station, LLC v. Lorain Cty. Bd. of Revision*, 2021-Ohio-3866, ¶ 6 (9th Dist.),

quoting *Bd. of Revision of Cuyahoga Cty. v. Fodor*, 15 Ohio St.2d 52 (1968), syllabus. As such, this Court "'will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.'" *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 2014-Ohio-1588, ¶ 9, quoting *Fodor* at syllabus. "The standard for conducting that review ranges from abuse of discretion, which applies when [reviewing courts] are asked to reverse the BTA's determination regarding credibility of witnesses to de novo review of legal issues." *Grace Cathedral, Inc. v. Testa*, 2015-Ohio-2067, ¶ 16; *Amherst Marketplace Station, LLC* at ¶ 6.

<u>**ASSIGNMENT OF ERROR NO. 1:**</u>

**THE BTA DECISION WAS UNREASONABLE OR UNLAWFUL BECAUSE IN DETERMINING VALUE THE BTA UNLAWFULLY REVERTED TO THE VALUE DETERMINED BY APPELL[EE] FISCAL OFFICER, CONTRARY TO THE HOLDING OF THE OSC IN *DAYTON-MONTGOMERY CTY. PORT AUTH. V. MONTGOMERY CTY. BD. OF REVISION*.**

**{¶9}** Mr. Azar argues in his first assignment of error that the BTA unlawfully and contrary to the Ohio Supreme Court's holding in *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision,* 2007-Ohio-1948, reverted to the Fiscal Officer's value of the Property. Mr. Azar argues that pursuant to *Dayton-Montgomery*, the Fiscal Officer always has a reciprocal burden of proving her property valuation. We disagree.

**{¶10}** The challenging party in *Dayton-Montgomery* sought a reduction in its property's cost valuation and it filed an appeal from the BTA's decision affirming the auditor's assessed value. *Id.* at ¶ 1. In support of its requested reduction, the challenging party presented witness testimony, actual cost-figures, and cost schedules for the subject design-build project. In light of the presented testimony and exhibits, the Ohio Supreme Court reversed the BTA's decision and remanded for further proceedings. *Id.* at ¶ 33.

{¶11} Recognizing that a fiscal officer or auditor benefits from a presumption that her property valuation is valid, the Court in *Dayton-Montgomery* held that "'[t]he burden is on the taxpayer to prove his right to a deduction,'" and that a taxpayer "'is not entitled to the deduction claimed merely because no evidence is adduced contra his claim.'" *Id.* at ¶ 15, quoting *W. Indus., Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342 (1960). If a challenging party fails to present evidence to support his claim, or the BTA rejects the challenging party's evidence "'as not being competent and probative, or not credible,'" the BTA may approve the auditor or fiscal officer's valuation without the presentation of any supporting evidence. *Id.*, *quoting Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 48, 49 (1998).

{¶12} The Court noted in *Dayton-Montgomery* that the challenging party presented competent and probative evidence from which the BTA could independently determine the requested deduction. *Id.* at ¶ 16. The presented evidence included, as previously stated, witness testimony, cost-schedule figures, and an actual-cost analysis of the subject property's design-build project. The Court concluded that the challenging party satisfied its burden of proof as it presented competent and probative evidence to support a requested deduction. *Id.* at ¶ 20. Once the challenging party satisfied its burden, the burden of rebuttal then shifted to the county to present evidence to support the fiscal officer's valuation. *Id.* In light of the facts before it, the Court found that *Dayton-Montgomery* "[fell] outside the holding of *Simmons*." *Id.* at ¶ 22.

{¶13} The taxpayer in *Simmons* challenged the auditor's valuation of his property. The challenging party compared his property to an adjoining lot and submitted an affidavit to the BOR testifying as to his property valuation. *Simmons*, 81 Ohio St.3d at 47-48. The BOR did not grant a reduction of the auditor's valuation and the BTA affirmed, "finding that [the challenging party] had not presented competent probative evidence that would sustain his burden of proof." *Id.* at 48.

Like Mr. Azar, the challenging party argued on appeal "that the BTA could not fulfill its obligation to determine true value" when no evidence has been presented to justify the auditor's valuation. *Id.* The Court disagreed.

{¶14} The Court noted in *Simmons* that a property owner is "competent to present his opinion of the value of his property." *Id.* The BTA, however, is "not required to accept [the property owner's] opinion of value." *Id.* As the "finder of fact [the BTA] has wide discretion to determine the weight and credibility of witnesses; thus, it may accept all, part, or none of the testimony of a witness." *Id.* The challenging party argued in *Simmons* that, since the BTA rejected his evidence, it could not affirm the prior valuation without evidence in support of that prior valuation. *Id.* at 49. The Court disagreed, holding that "[w]here the BTA rejects the evidence presented to it as not being competent and probative, or not credible, and there is no evidence from which the BTA can independently determine value," it may approve the prior valuation without the introduction of supporting evidence. *Id.* Hence, if the challenging party fails to satisfy his burden, the BTA may approve the auditor's valuation without supporting evidence. *Id.*; *Dayton-Montgomery* at ¶ 15.

{¶15} In reviewing *Dayton-Montgomery* and *Simmons*, it is clear the Ohio Supreme Court has provided that a challenging party cannot simply rely on its burden of production of evidence to challenge a tax valuation. The BTA is not required to just accept any valuation the challenging party sets forth. Instead, the challenging party must produce "competent and probative" evidence that is "credible" to persuade the BTA that a tax valuation may be incorrect. *Simmons* at 49; *Dayton-Montgomery* at ¶ 15. If not, the BTA may approve the auditor's or fiscal office's value without any supporting evidence. In *Dayton-Montgomery*, the challenging party produced credible competent and probative evidence, enabling the BTA to independently determine the requested

deduction and remand the matter for the Board of Revision to do so. *Dayton-Montgomery* at ¶¶ 18, 28. In *Simmons*, the challenging party did not produce a credible valuation and, accordingly, the BTA could accept the auditor's value without supporting evidence. *Simmons* at 49.

**{¶16}** In this case, the BTA determined that Mr. Azar's valuation of the Property was not credible. Following *Dayton-Montgomery* and *Simmons*, the BTA then found that Mr. Azar did not meet his burden of persuasion and overruled his appeal. *See Dayton-Montgomery* at ¶ 15, *quoting Simmons* at 48-49 (When the BTA rejects the challenging party's evidence "'as not being competent and probative, or not credible,'" the BTA may approve the auditor or fiscal officer's valuation without the presentation of any supporting evidence.). As the BTA found that it has "been offered no credible reason to disregard the results of the countywide reappraisal[,]" in accordance with Ohio law, it approved the Fiscal Officer's valuation without the Fiscal Officer presenting any evidence. *Id.* Mr. Azar's argument that the BTA's decision was contrary to the holding of *Dayton-Montgomery* is misplaced. Mr. Azar's first assignment of error is, accordingly, overruled.

### ASSIGNMENT OF ERROR NO. 2:

**THE BTA ERRED IN CONCLUDING THAT AZAR HAD NOT ESTABLISHED A PRIMA-FACIE CASE SUFFICIENT TO PROVE THE VALUE OF THE PROPERTY WAS $40,000 FOR THE 2020 TAX YEAR.**

**{¶17}** Mr. Azar argues in his second assignment of error that the BTA erred in concluding that he had not established a prima facie case sufficient to prove $40,000 is the value of the Property. As this assignment of error pertains to witness credibility rather than legal issues, an abuse of discretion standard applies. *Grace Cathedral, Inc.*, 2015-Ohio-2067, at ¶ 16; *Amherst Marketplace Station, LLC*, 2021-Ohio-3866, at ¶ 6.

**{¶18}** An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶19}** Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

**{¶20}** As discussed above, an auditor or fiscal officer benefits from a presumption that her valuation is valid and, therefore, "'[t]he burden is on the taxpayer to prove his right to a deduction' . . . ." *Dayton-Montgomery,* 2007-Ohio-1948, at ¶ 15; *Simmons*, 81 Ohio St.3d at 49. To satisfy this burden, the challenging party must credibly "'establish its proposed value as the value of the property.'" *Schutz v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-1588, ¶ 9, quoting *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision,* 2009-Ohio-4975, ¶ 23. As the challenging party, Mr. Azar first had the burden of establishing that his $40,000 value is the correct value of the Property. *Id* at ¶ 10*.* If Mr. Azar satisfied his burden, then the burden would shift to the Fiscal Officer to present evidence supporting her valuation.

{¶21} As the challenging party, Mr. Azar had the burden of presenting competent and probative evidence establishing that $40,000 is the correct value of the Property. *Schutz* at ¶ 9. Mr. Azar is the only person who testified to a $40,000 property value. The parties agree that he did not present any other testimony or evidence on his behalf. While a property owner is competent to testify as to the market value of his or her property under the owner-opinion rule, "'the owner qualifies primarily as a fact witness giving information about his or her own property . . . .'" *Johnson v. Clark Cty. Bd. of Revision,* 2018-Ohio-4390, ¶ 22, quoting *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2014-Ohio-3620, ¶ 19. The BTA, as the finder of fact, "is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before [it]." *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 13 (1975), paragraph three of the syllabus; *see also Simmons*, 81 Ohio St.3d at 49. "[T]here is no requirement that the finder of fact accept [the owner's value] as the true value of the property." *WJJK Invests., Inc. v. Licking Cty. Bd. of Revision*, 76 Ohio St.3d 29, 32 (1996).

{¶22} The BTA did not determine that Mr. Azar failed to present a prima facie case of the value of the Property as alleged in the second assignment of error. Rather, the BTA determined that Mr. Azar's valuation was not credible. Mr. Azar's valuation was the only testimony submitted in support of the alleged $40,000 value. The BTA found that Mr. Azar's opinion was based on prior tax valuations and the Property's physical characteristics. The BTA then discounted Mr. Azar's reliance on the prior year's valuations because, as the Ohio Supreme Court found in *Freshwater v. Belmont Cty. Bd. of* Revision, 80 Ohio St.3d 26, 30 (1997), one tax year's valuation is not competent and probative evidence for another tax year. Because Mr. Azar did not present any evidence of how the topography or location of the Property negatively impacted its value, the

BTA found that his testimony, alone, was not sufficiently reliable to support the requested deduction. In short, the BTA found that Mr. Azar failed to prove his right to a deduction by presenting credible evidence that his proposed value was the value of the property.

{¶23} We cannot say that the BTA abused its discretion in concluding that Mr. Azar's valuation was not credible and in reverting to the Fiscal Officer's valuation of the Property. Mr. Azar's second assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 3:**

**THE BTA ERRED IN CHARACTERIZING AND ALLOCATING THE BURDEN OF PROOF ON THE COMPLAINANT-TAXPAYER IN THIS CASE.**

{¶24} Mr. Azar argues in his third assignment of error that the BTA erred in allocating the burden of proof in this case. Mr. Azar maintains that he presented sufficient evidence to establish a $40,000 value for the Property and that, once he presented a prima facie case for this value, the burden shifted to the Fiscal Officer to support its $263,470 valuation. Because the Fiscal Officer never presented evidence to support its valuation, Mr. Azar argues that the BTA erred when it reinstated the Fiscal Officer's value. As previously set forth, a de novo review applies to legal issues. *Grace Cathedral, Inc.*, 2015-Ohio-2067, at ¶ 16; *Amherst Marketplace Station, LLC*, 2021-Ohio-3866 at ¶ 6.

{¶25} Mr. Azar acknowledges that, before the burden of proof shifts, the challenging party must first present competent evidence to support a right to a reduction. As discussed under the second assignment of error, we conclude that the BTA did not abuse its discretion when it concluded that Mr. Azar's valuation of the Property was not credible. As Mr. Azar failed to satisfy his burden as the challenging taxpayer, the Fiscal Officer had no burden to then prove the accuracy of its valuation.

**{¶26}** As discussed, when addressing the first and second assignments of error, the Ohio Supreme Court has carefully explained the burdens in this case:

In *Dayton–Montgomery,* we acknowledged the rules that usually apply. The first rule is that the party challenging the board of revision's decision at the BTA has the burden of proof to establish its proposed value as the value of the property. *Dayton–Montgomery,* [2007-Ohio-1948], at ¶ 15; *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566[.] . . . ("When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision"). The second rule is that the board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the BTA is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof at the BTA. *Dayton–Montgomery,* ¶ 15; *Simmons*, 81 Ohio St.3d at 48[.] . . . (failure to sustain burden of persuasion justified approving the board of revision's valuation of the property even though the county offered no proof of the validity of its determination); *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342… (a taxpayer who appeals to the BTA "is not entitled to the deduction claimed merely because no evidence is adduced contra his claim").

*Colonial Village, Ltd.*, 2009-Ohio-4975, at ¶ 23; *see also Schutz*, 2018-Ohio-1588, at ¶ 9.

**{¶27}** Accordingly, this Court overrules Mr. Azar's third assignment of error as the BTA properly followed Ohio Supreme Court precedent in allocating the burden of proof.

## ASSIGNMENT OF ERROR NO. 4:

**THE CUMULATIVE EFFECT OF THE BTA'S ERRORS SET FORTH IN ASSIGNMENTS OF ERROR NOS. 1 TO 3 HEREOF VIOLATED THE TAXPAYER'S CONSTITUTIONAL RIGHTS TO: LIMITED TAXATION PURSUANT TO ARTICLE XII, SECTION 2 OF THE OHIO CONSTITUTION; AND DUE PROCESS AND/OR EQUAL PROTECTION OF THE LAW UNDER THE OHIO AND U.S. CONSTITUTIONS.**

**{¶28}** Mr. Azar presents a constitutional argument in his fourth assignment of error, arguing that the errors alleged in assignments of error one through three resulted in a violation of his rights under the United States and Ohio Constitutions. A de novo review applies to the legal issues presented in this assignment of error. *Colonial Village, Ltd.* at ¶ 23; *Schutz* at ¶ 9.

**{¶29}** As we have concluded there was no error in the BTA's decision and have overruled the first three assignments of error, we accordingly conclude that there was no violation of Mr. Azar's rights under the United States or Ohio Constitutions. This Court further recognizes that, as established by the Ohio Supreme Court, an auditor's action of "[f]ixing the true value of a parcel of real estate . . . for tax purposes" is not a constitutional violation. *Meyer v. Cuyahoga Cty. Bd. of Revision*, 58 Ohio St.2d 328 (1979), paragraph two of the syllabus. Mr. Azar's fourth assignment of error is overruled.

**{¶30}** For the reasons set forth above, Mr. Azar's assignments of error are overruled.

III.

**{¶31}** Mr. Azar's assignments of error are overruled. The decision of the BTA is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶32} I respectfully dissent. This case involves a scenario where Mr. Azar received a shocking property tax bill after the assessed value of his property increased over 800 percent in one year.

{¶33} Mr. Azar's property was assessed at $34,850 in 2013 and decreased to $31,090 in 2019. Just one year later, after the countywide reappraisal for the 2020 tax year, the assessed value of Mr. Azar's property increased over 800 percent to $296,470 at a time when the property was also designated as unbuildable. As noted by the majority, Mr. Azar filed a complaint with the Board of Revision and, after an oral hearing, the BOR reduced the property's tax assessment from $263,470 to $113,360. The Fiscal Officer did not appeal the BOR's determination.

{¶34} During the appeal process, the only explanation for the increase provided by the Fiscal Officer was that Mr. Azar's property was devalued by a certain percentage at the time the parcels were combined and, due to mistake, the issue was never corrected despite reappraisals and reductions in value being made on the property between 2013 and 2019. The Fiscal Officer never explained why the reductions were initially placed on the property, why it was necessary to remove the reductions, and under what authority it took these respective actions. The BTA's reversal and

reinstatement of the Fiscal Officer's valuation was unreasonable under these extreme circumstances. I would hold that because the Fiscal Officer did not appeal the BOR's decision to reduce the valuation of the property to $113,360, the BTA lacked authority to revert back to the Fiscal Officer's original valuation.

{¶35} I would sustain Mr. Azar's first assignment of error on the basis that the BTA's decision to revert to the Fiscal Officer's original valuation of the property was unreasonable and unlawful.

APPEARANCES:

J. ALEX MORTON, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and CARRIE HILL, Assistant Prosecuting Attorney, for Appellee.